IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTHONY WILLIAMS,

        Plaintiff,                   No. 2:09-cv-3160 KJN P

    vs.

SULLIVAN, et al.,

        Defendants.          <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding without counsel with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's October 19, 2011 motion for extension of time. The background to this motion is as follows.

        On April 12, 2011 defendant Sullivan served plaintiff with ten interrogatories. Plaintiff failed to respond to these interrogatories. Accordingly, on July 21, 2011, defendant Sullivan filed a motion to compel. Plaintiff failed to file an opposition. On September 2, 2011, plaintiff was ordered to show cause within twenty-one days for his failure to file an opposition. Plaintiff did not respond to the September 2, 2011 order. Accordingly, on October 3, 2011, the undersigned granted the motion to compel and ordered plaintiff to serve defendant with his responses to the at-issue interrogatories within twenty-one days.

////

In his October 19, 2011 motion for extension of time, plaintiff states that he received the October 3, 2011 order granting defendant's motion to compel. Plaintiff states that he did not receive the at-issue interrogatories, defendant's motion to compel, or the September 2, 2011 order to show cause. Plaintiff states that he did not receive these documents because on March 9, 2011, he was transferred from California State Prison-Sacramento to California State Prison-Corcoran. Plaintiff states that he is just now receiving his mail that "backed up" as a result of his transfer. Plaintiff requests, in essence, that the order granting the motion to compel be vacated and that he be allowed to respond to the interrogatories, including objections.

Plaintiff did not file a notice of change of address in March 2011 reflecting his new address at California State Prison-Corcoran. Rather, plaintiff's October 19, 2011 motion for an extension of time contains his notice of change of address. Had plaintiff filed a timely notice of change of address, the interrogatories, motion to compel and order to show cause would have been served on plaintiff at California State Prison-Corcoran.

It is the plaintiff's responsibility to keep the court apprised of his current address at all times. Local Rule 182(f). Pursuant to Local Rule 182(f), service of documents at the record address of the party is fully effective. Plaintiff's failure to file a timely notice of change of address, as required by the Local Rules, caused him not to receive defendant's interrogatories, the motion to compel and order to show cause. For this reason, plaintiff's request to vacate the order granting the motion to compel is denied. Plaintiff's failure to file a notice of change of address has caused him to waive any objections to the interrogatories.[1] Accordingly, plaintiff shall respond to defendant's interrogatories within twenty-one days of the date of this order.

////

---

[1] In the order granting defendant's motion to compel, the undersigned observed that several of defendant's interrogatories were contention interrogatories. "Contention interrogatories, directed to a pro se litigant, are rarely appropriate[.]" Neilsen v. Society of New York Hosp., 1988 WL 100197 at * 2 (S.D.N.Y. 1988); see also Pobursky v. Madera County, 2009 WL 1582847 at * 2 (E.D. Cal. 2009). The undersigned found that plaintiff had waived any objection to the interrogatories on grounds that they were contention interrogatories.

1       Plaintiff has also requested the appointment of counsel.  The United States

2 Supreme Court has ruled that district courts lack authority to require counsel to represent

3 indigent prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298

4 (1989).  In certain exceptional circumstances, the court may request the voluntary assistance of

5 counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir.

6 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  In the present case, the

7 court does not find the required exceptional circumstances.  Plaintiff's request for the

8 appointment of counsel will therefore be denied.

9       On October 25, 2011, defendant Sullivan filed a motion to modify the scheduling

10 order based on plaintiff's failure to serve responses to the interrogatories.  Pursuant to the March

11 8, 2011 scheduling order, the discovery cut-off date was July 22, 2011, and the pretrial motion

12 cut-off date was October 28, 2011.  Defendant Sullivan requests that the discovery cut-off date

13 be extended to January 22, 2012, and that the pretrial motion cut-ff date be extended to March 6,

14 2012.  Defendant states that the discovery cut-off date should be extended so that he may file a

15 motion to compel based on plaintiff's failure to respond to the interrogatories.

16       Because defendant may wish to file a motion to compel based on plaintiff's

17 responses to the interrogatories, defendant's motion to modify the scheduling order is granted.

18 However, the dates defendant requests are modified as set forth below.

19       Accordingly, IT IS HEREBY ORDERED that:

20       1.  Plaintiff's motion for extension of time (Dkt. No. 39) is denied;

21       2.  Within five days of the date of this order, defendant shall serve plaintiff with

22 the ten at-issue interrogatories and file proof of service with the court; within twenty-one days,

23 plaintiff shall serve defendants with his responses to the interrogatories; all objections have been

24 waived;

25       3.  Plaintiff's motion for appointment of counsel (Dkt. No. 40) is denied;

26       4.  Defendant's motion to modify the scheduling order (Dkt. No. 41) is granted;

5. Defendant may file a motion to compel regarding plaintiff's responses to the at-issue interrogatories on or before December 14, 2011; discovery is otherwise closed;

6. The pretrial motion cut-off date is re-set for April 20, 2012.

DATED: November 3, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

will3160.31+36