IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JOHN FRANCIS, | | |
| | Plaintiff, | No. 2:09-cv-0640 JAM KJN P |
| vs. | | |
| BACA, STREET, REICHERT, and POMAZZAL, | | **FINAL PRETRIAL ORDER** |
| | Defendants. | **Jury Trial:  October 22, 2012** |
| _____/ | | **9:00 a.m.  Courtroom #6** |

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983.  Following summary judgment, this action proceeds on plaintiff's claims that defendants Street, Reichert, Pomazal, and Baca were deliberately indifferent to plaintiff's serious medical needs in violation of the Eighth Amendment.  Specifically, plaintiff contends he was diagnosed in 2002 with degenerative disc disorder, and that defendants failed to provide, or failed to adequately provide, pain medications for plaintiff's chronic back pain, which he alleges is severe.  Pursuant to court order, the parties submitted pretrial statements.  Upon review of the statements and the remainder of the file, and good cause appearing therefor, this court makes the following findings and orders:

////

1

JURISDICTION/VENUE

Jurisdiction is predicated upon 28 U.S.C. § 1331 arising under 42 U.S.C. § 1983. Venue is proper. There is no dispute over either jurisdiction or venue.

JURY/NON-JURY

Both parties timely requested trial by jury.

UNDISPUTED FACTS

1. At all times relevant herein, plaintiff was in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is 56 years old, and has a documented medical history of complaints of low back pain.

2. Plaintiff was housed at Deuel Vocational Institution ("DVI") between August 10, 2007, and June 22, 2008.

3. Christina Baca was a Medical Appeal Analyst[1] at DVI while plaintiff was housed at DVI.

4. Michelle Street was a Physician Assistant at DVI while plaintiff was housed at DVI.

5. On June 23, 2008, plaintiff was transferred from DVI to the California Correctional Center ("CCC") in Susanville, California.

6. Jeremy Reichert was a Physician Assistant at CCC while plaintiff was housed at CCC.

7. Andrew Pomazal, D.O., was the Chief Medical Officer and Health Care Manager at CCC while plaintiff was housed at CCC.

8. On October 15, 2009, plaintiff was transferred from CCC to California State Prison in Corcoran.

---

[1] In the motion for summary judgment, it was undisputed that defendant Baca was the Health Care Manager, and defendants referred to Baca as the "DVI Health Care Manager" in their briefing. (Dkt. No. 57 at 6.) However, in the pretrial statements, plaintiff identifies Baca as an "Appeal Analyst," and defendants now identify her as a "Medical Appeal Analyst."

9. At all times relevant, the defendants were acting under color of state law.

10. Plaintiff sustained no out-of-pocket medical expenses due to his incarceration.

11. Plaintiff has no loss of earnings or diminution of future income claim due to his incarceration.

12. Plaintiff was assessed and treated by various medical personnel at both DVI and CCC in addition to care provided by defendants.

DISPUTED FACTUAL ISSUES

1. Whether or not plaintiff's back pain constituted a serious medical need for pain medications while plaintiff was incarcerated at DVI and CCC;

2. Whether narcotics were medically indicated for plaintiff;

3. Whether or not defendants Reichert, Street, and Pomazal were deliberately indifferent to plaintiff's complaints of pain;

4. Whether or not the alternative pain medications provided to plaintiff were reasonable and medically sound; and

5. Whether defendant Baca's three responses to plaintiff's administrative appeals constituted deliberate indifference to plaintiff's requests to receive treatment for his chronic back pain based on her alleged failure to further investigate plaintiff's claims or to arrange follow-up medical care.

DISPUTED EVIDENTIARY ISSUES

Defendants have "significant issues regarding the . . . admissibility of plaintiff's exhibits and witnesses." (Dkt. No. 75 at 3.) In response to a further briefing order, defendants noted their willingness to stipulate to the authenticity of plaintiff's exhibits C - J, identified herein as exhibits 3-10. (Dkt. No. 78 at 2:13-18.) The authenticity of plaintiff's exhibits A, B, and K, identified herein as exhibits 1, 2, and 11, will be the subject of a motion in limine.

////

All additional authentication issues shall be addressed in motions in limine; any authentication issue not raised in a motion in limine will be deemed waived.

SPECIAL FACTUAL INFORMATION

None applicable.

RELIEF SOUGHT

1. In the complaint, plaintiff seeks a declaratory judgment that defendants' actions violated plaintiff's Eighth Amendment rights;

2. Compensatory damages in an amount to be determined at trial;

3. In addition, plaintiff seeks punitive damages in an amount to be determined at trial; and

4. The costs of suit.[2]

POINTS OF LAW

The parties shall brief the elements, standards and burden of proof of the claims herein presented by plaintiff under the applicable constitutional amendment, statutes and regulations. Trial briefs shall be filed with this court no later than ten days prior to the date of trial in accordance with Local Rule 285.

ABANDONED ISSUES

No issues have been abandoned.

WITNESSES

Plaintiff and defendants both anticipate calling the following defendants as witnesses in this action: Reichert, Pomazal, Baca, and Street.

Plaintiff also anticipates calling, either in person or by deposition: plaintiff, inmate Neil J. Breaux, Dr. Mendoza, Dr. Newman, Dr. Snell, Dr. Roach, Dr. Starsavich, Dr. Ling, Dr. Hershberger, and Dr. Patterson.

---

[2] Plaintiff also sought reasonable attorney's fees, but because plaintiff is proceeding without counsel, he is not entitled to attorney's fees.

Defendants also anticipate calling, either in person or by deposition: correctional Sgt. E. Mendez, LVN E. Lopez, Correctional Officer J. Torres, LVN J. Robinson, Staff Service Analyst C. Zuniga, Dr. Michael Fox, Dr. Zaid Noman, Correctional Officer John Campos, LVN M. Ballestros, and plaintiff.

Each party may call any witnesses designated by the other.

    A.    No other witness will be permitted to testify unless:

        (1) The party offering the witness demonstrates that the witness is for the purpose of rebutting evidence which could not be reasonably anticipated at the pretrial conference, or

        (2) The witness was discovered after the pretrial conference and the proffering party makes the showing required in "B," below.

    B.    Upon the post-pretrial discovery of witnesses, the party shall promptly inform the court and opposing parties of the existence of the unlisted witnesses so that the court may consider at trial whether the witnesses shall be permitted to testify. The witnesses will not be permitted unless:

        (1) The witnesses could not reasonably have been discovered prior to pretrial;

        (2) The court and the opposing party were promptly notified upon discovery of the witnesses;

        (3) If time permitted, the party proffered the witnesses for deposition;

        (4) If time did not permit, a reasonable summary of the witnesses' testimony was provided to the opposing party.

EXHIBITS, SCHEDULES AND SUMMARIES

Plaintiff anticipates offering:

1. Ten pages of medical records, orders, and medication orders that plaintiff received from 2002 - 2006, along with an August 15, 2002 radiology report.  (Ex. A.)

1  2.  Seven pages of medical records and medication orders from 2006 from plaintiff's 2006 back surgery at Doctor's Hospital, along with pain medication orders by Dr. Vanalstine in 2006 and 2007.  (Ex. B.)

3.  Twelve pages of medical records and pain medication ordered by Dr. Mendoza and Dr. Fox from 2007 and 2008.  (Ex. C.)

4.  Four pages of medical documents by defendant Street.  (Ex. D.)

5.  Nine pages of medical records and pain medications ordered by Dr. Starsavich in 2008.  (Ex. E.)

6.  Two pages of medical records and tracking sheet by J. Reichert, P.A., dated June 24, 2008.  (Ex. F.)

7.  Nineteen pages of medical records and medications ordered by Dr. Roche in 2008.  (Ex. G.)

8.  Eight pages of medical orders issued by Dr. Roche to defendant Pomazal that Dr. Pomazal denied, along with the appeal response denying the appeal.  (Ex. H.)

9.  Six pages of medical orders and notes by Dr. Ling in 2009.  (Ex. I.)

10.  Three pages of medical exam notes by Dr. Patterson in 2009.  (Ex. J.)

11.  Thirty-one pages of Inmate Appeals and medical records from 2008 and 2009 regarding defendant Baca's role in denying appeals 00028, 00858 and 00541.  (Ex. K.)

12.  Declaration of Neil J. Breaux.  (Ex. L.)

Defendants anticipate offering:

1.  Unit Health Record of John Francis from the California Department of Corrections and Rehabilitation from August 10, 2007, to Present.

2.  Yolo County Superior Court Abstract of Judgment of Conviction in Case No. 97-5193.

3.  Yolo County Superior Court Abstract of Judgment of Conviction in Case No.

|   |     |                                                                                      |
|---|-----|--------------------------------------------------------------------------------------|
| 1 |     | CRF07-4045.                                                                          |
| 2 | 4.  | Kings County Superior Court Abstract of Judgment of Conviction in Case No. 10CM7157. |
| 4 | 5.  | CDCR Form 115, Rule Violation Report, Log No. 3B-10-04-008.                          |
| 5 | 6.  | CDCR Form 7219, Medical Report of Injury or Unusual Occurrence for John Francis dated February 17, 2010. |
| 7 | 7.  | CDCR Form 837, Crime-Incident Report, Log No. COR-03B-10-02-0100.                    |
| 8 | 8.  | CDCR Form 115, Rule Violation Report, Log No. 3B-10-02-030.                          |
| 9 | 9.  | CDCR Form 7219, Medical Report of Injury or Unusual Occurrence for John Francis dated February 23, 2010. |
| 11| 10. | CDCR Form 115, Rule Violation Report, Log No. 3B-11-04-039.                          |
| 12| 11. | CDCR Form 837, Crime-Incident Report, Log No. COR-03B-11-04-0223.                    |
| 13| 12. | CDCR Form 7219, Medical Report of Injury or Unusual Occurrence for John Francis dated April 25, 2011. |
| 15| 13. | CDCR Form 1824, Reasonable Modification or Accommodation Request, Log No. DVI 07-02268. |
| 17| 14. | CDCR For 1845, Disability Placement Program Verification (DPPV), dated September 14, 2007. |
| 19| 15. | CDCR Form 602, Log No. DVI-07-02268.                                                 |
| 20| 16. | First Level Response to Inmate Appeal, DVI-07-02268.                                 |
| 21| 17. | CDCR Form 1824, Reasonable Modification or Accommodation Request, dated November 17, 2007. |
| 23| 18. | Screening Response for Reasonable Modification or Accommodation Request, dated November 17, 2007. |
| 25| 19. | CDCR Form 602, Inmate Appeal, Log No. DVI-08-00028.                                  |
| 26| 20. | Health Care Appeal Route Slip for Inmate Appeal, Log No. DVI-08-00028.               |

1 | 21. | First Level Response to Inmate Appeal, Log No. DVI-08-00028.
2 | 22. | CDCR Form 602, Inmate Appeal, Log No. DVI-08-00541.
3 | 23. | First Level Response to Inmate Appeal, Log No. DVI-08-00541.
4 | 24. | Second Level Response to Inmate Appeal, Log No. DVI-08-00541.
5 | 25. | Director's Level Response to Inmate Appeal, Log No. DVI-08-00541.
6 | 26. | CDCR Form 602, Inmate Appeal, Log No. DVI-08-00858.
7 | 27. | First Level Response to Inmate Appeal, Log No. DVI-08-00858.
8 | 28. | Second Level Response to Inmate Appeal, Log No. DVI-08-00858.
9 | 29. | CDCR Form 602, Inmate Appeal, Log No. DVI-08-1530.
10 | 30. | First Level Response to Inmate Appeal, Log No. DVI-08-1530.
11 | 31. | CDCR Form 602-HC, Inmate Appeal, Log No. COR-09-10-13516.
12 | 32. | First Level Response, Inmate Appeal, Log No. COR-09-10-13516.

**The parties shall exchange exhibits thirty days prior to trial.**

Each party will file any objections to exhibits ten days before trial. Each exhibit not previously objected to will be forthwith received into evidence. Plaintiff will use numbers to mark exhibits; defendant will use letters. Defendants are permitted to identify plaintiff's Unit Health Record by its alphabetical identification followed by its Bates stamp number.

A. No other exhibits will be permitted to be introduced unless:

1. The party proffering the exhibit demonstrates that the exhibit is for the purpose of rebutting evidence which could not have been reasonably anticipated, or

2. The exhibit was discovered after the issuance of this order and the proffering party makes the showing required in Paragraph "B," below.

B. Upon the post-pretrial discovery of exhibits, the parties shall promptly inform the court and opposing party of the existence of such exhibits so that the court may consider at

////

trial their admissibility. The exhibits will not be received unless the proffering party demonstrates:

1. The exhibits could not reasonably have been discovered earlier;
2. The court and the opposing party were promptly informed of their existence;
3. The proffering party forwarded a copy of the exhibit(s) (if physically possible) to the opposing party. If the exhibit(s) may not be copied the proffering party must show that he has made the exhibit(s) reasonably available for inspection by the opposing party.

The parties are directed to bring, at a minimum, an original and one copy of each exhibit to trial. The original exhibit becomes the property of the court for purposes of trial. The copy is for bench use during trial.

DISCOVERY DOCUMENTS

Defendants anticipate using plaintiff's deposition taken May 3, 2010, for impeachment purposes at trial.

FURTHER DISCOVERY OR MOTIONS

Discovery closed on October 4, 2010.

Motions in limine must be filed seven days prior to the trial.

STIPULATIONS

At this time the parties have reached no stipulations.

AMENDMENTS/DISMISSALS

None.

SETTLEMENT NEGOTIATIONS

It appears that a settlement conference is not warranted in this case.

AGREED STATEMENTS

None.

<u>SEPARATE TRIAL OF ISSUES</u>

      Not applicable.

<u>IMPARTIAL EXPERTS/LIMITATION OF EXPERTS</u>

      Not applicable.

<u>ATTORNEYS' FEES</u>

      Plaintiff seeks attorney's fees pursuant to Local Rule 293(c), but he is not represented by counsel.  Defendants may apply for fees under 42 U.S.C. § 1988 if they succeed at trial.

<u>ESTIMATED TIME OF TRIAL/TRIAL DATE</u>

      Jury trial is set for October 22, 2012, at **9:00 a.m.**, in Courtroom **#6** before the Honorable John A. Mendez.  No projected duration for the trial was provided.

<u>PROPOSED JURY VOIR DIRE AND PROPOSED JURY INSTRUCTIONS</u>

      The parties are directed to Local Rule 162(a) and Local Rule 163(a) for procedures and time limits regarding proposed voir dire and proposed jury instructions, respectively.  The provisions of such local rules notwithstanding, the parties shall file proposed voir dire and proposed jury instructions, if any, not later than fourteen days before the date set for trial.

<u>MISCELLANEOUS</u>

      Plaintiff's present custodian shall provide for plaintiff's presence at trial pursuant to the writ of habeas corpus ad testificandum to be issued.  All parties shall take any steps necessary to facilitate execution of such writ.  The parties and plaintiff's custodian are cautioned that sanctions will be imposed for failure to comply with court orders.

      Counsel are directed to Local Rule 285 regarding the contents and the deadline for filing trial briefs.

      In this court's June 13, 2012 order, plaintiff was reminded of his obligation to subpoena witnesses who refuse to testify voluntarily.  (Dkt. No. 81.)  On June 21, 2012, potential

1 witness Neil J. Breaux filed a notice stating he is unwilling to testify voluntarily. Therefore, if
2 plaintiff wishes to call inmate Breaux as a witness, plaintiff must complete a subpoena form and
3 submit it to the court,[3] along with the daily witness fee of $40.00 and mileage expenses for
4 inmate Breaux. (Dkt. No. 68 at 4.) Plaintiff is reminded of his obligation to subpoena potential
5 witnesses who refuse to testify voluntarily as explained in this court's April 27, 2012 order.
6 (Dkt. No. 77 at 4.)

7 DATED: August 28, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

fran0640.ptof

---

[3] Because inmate Breaux is incarcerated, the court must prepare a writ of habeas corpus ad testificandum to accompany plaintiff's subpoena.