IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTHONY WILLIAMS,

      Plaintiff,                      No. 2:09-cv-3160 KJN P

   vs.

SULLIVAN,

      Defendant.                 ORDER

_____/

       Plaintiff is a state prisoner proceeding without counsel. Both parties consented to proceed before the undersigned for all purposes. See 28 U.S.C. § 636(c). On August 28, 2012, defendant Sullivan was granted summary judgment on all claims except for plaintiff's Eighth Amendment claim based on defendant's alleged failure to provide medical care after plaintiff allegedly informed him that plaintiff was ill. (Dkt. No. 63.) This matter is set for jury trial on April 8, 2013, before the undersigned.

       On January 25, 2013, defendant filed a motion to dismiss this action based on plaintiff's alleged failure to timely file a pretrial statement. (Dkt. No. 69.) However, on January 28, 2013, plaintiff filed a document styled, "Plaintiff's Notice of Motion and Motion for Pretrial Statements and Supporting Evidence." (Dkt. No. 70.) Liberally construed, this filing is plaintiff's pretrial statement. Plaintiff presented the filing to prison officials for mailing on

January 10, 2013, which was timely under the court's December 21, 2012 revised scheduling order. See Houston v. Lack, 487 U.S. 266, 275-76 (1988) (pro se prisoner filing is dated from the date prisoner delivers it to prison authorities). Accordingly, defendant's January 25, 2013 motion to dismiss is denied.

On February 22, 2013, defendant filed a second motion to dismiss.[1] Defendant argues that this case should be dismissed based on plaintiff's failure to provide the information required by Local Rule 281, because defendant is prejudiced because he is unable to adequately comply with pretrial and trial preparation. Defendant argues that plaintiff simply recited the allegations of his complaint, and appended his complaint and its exhibits. Defendant contends that plaintiff did not identify witnesses, trial exhibits, issues, or any other required information.

Plaintiff's pretrial statement indicates that plaintiff would serve as his own witness. (Dkt. No. 70 at 1.) However, defendant is correct that plaintiff did not identify specific exhibits he seeks to admit at trial, and failed to provide the additional information required by Local Rule 281. Because plaintiff is proceeding without counsel, the court will grant plaintiff leave to file an amended pretrial statement, and deny defendant's motion.

Plaintiff is advised that his complaint is not evidence. Plaintiff should not append his complaint to his amended pretrial statement. Moreover, because plaintiff's claims were narrowed by the court's ruling on defendant's motion for summary judgment, plaintiff need only address the remaining claim in this action: plaintiff's Eighth Amendment claim based on defendant's alleged failure to provide medical care after plaintiff allegedly informed him that he was ill. Only those exhibits pertinent to such remaining claim should be offered at trial.

Local Rule 281(b) sets forth the information plaintiff should address in his amended pretrial statement:

---

[1] Defendant's filing references a hearing date of March 27, 2013, at 10:00 a.m., in Department 25. (Dkt. No. 72 at 1.) However, because plaintiff is incarcerated, all motions are submitted on the papers. L.R. 230(l). The court does not construe defendant's motion as a motion to dismiss for lack of prosecution.

(b) Form, Contents. The pretrial statement shall state the name of the party or parties on whose behalf it is presented and set forth the nature of the action and the following matters, under the following captions and in the following order:

(1) Jurisdiction - Venue. The factual and statutory basis of federal jurisdiction and venue and whether there is any dispute concerning jurisdiction or venue.

(2) Jury - Non-Jury. Whether the party has demanded a jury trial of all or any of the issues or, if not, whether a demand for jury trial made by any other party is conceded or contested.

(3) Undisputed Facts. A plain, concise statement of the facts that are undisputed.

(4) Disputed Factual Issues. A plain, concise statement of each fact (and any related essential facts) that the party claims or concedes to be in dispute.

(5) Disputed Evidentiary Issues. A plain, concise summary of any reasonably anticipated disputes concerning admissibility of live and deposition testimony, physical and demonstrative evidence and the use of special technology at trial, including computer animation, video discs, and other high technology, and a statement whether each such dispute should be resolved by motion in limine, briefed in the trial brief, or addressed in some other manner.
(6) Special Factual Information in Certain Actions. . . .

(7) Relief Sought. The elements of monetary damage, if any, and the specific nature of any other relief sought.

(8) Points of Law. A statement of the legal theory or theories of recovery or of defense and of any points of law (substantive or procedural) that are or may reasonably be expected to be in controversy, citing the pertinent statutes, ordinances, regulations, cases, and other authorities relied upon. Extended legal argument is not required in the pretrial statement.

(9) Abandoned Issues. A statement of all issues raised by the pleadings that have been abandoned, including, for example, claims for relief and affirmative defenses.

(10) Witnesses. A list (names and addresses) of all prospective witnesses, whether offered in person or by deposition or interrogatory, designating those who are expert witnesses. Only witnesses so listed will be permitted to testify at the trial, except as may be otherwise provided in the pretrial order.

(11) Exhibits - Schedules and Summaries. A list of documents or other exhibits that the party expects to offer at trial. Only exhibits

so listed will be permitted to be offered at trial except as may be otherwise provided in the pretrial order.

(12) Discovery Documents. A list of all portions of depositions, answers to interrogatories, and responses to requests for admission that the party expects to offer at trial.

(13) Further Discovery or Motions. Any requests for further discovery or pretrial motions. Where discovery and/or law and motion has been terminated by a Court order, counsel shall set forth the grounds for relief from that order and why a motion to be relieved was not made before the date ordered in the status conference for termination. Motions for relief at pretrial are not favored and will ordinarily be denied unless the moving party makes a strong showing.

(14) Stipulations. Any stipulations requested or offered for pretrial or trial purposes.

(15) Amendments - Dismissals. Any requested amendments to pleadings, dismissals, additions or substitutions of parties, or dispositions as to defaulting parties.

(16) Settlement Negotiations. A statement whether settlement negotiations between parties and/or a court settlement conference under L.R. 270 would be helpful.

(17) Agreed Statements. A statement whether presentation of all or part of the action upon an Agreed Statement of Facts is feasible and advisable.

(18) Separate Trial of Issues. A statement whether separate trial of any of the issues is feasible and advisable.

(19) Impartial Experts - Limitation of Experts. A statement whether appointment by the Court of impartial expert witnesses or limitation of the number of expert witnesses is advisable.

(20) Attorneys' Fees. A statement whether attorneys' fees are sought and the time and manner in which they are to be ascertained. See L.R. 293.

(21) Trial Exhibits. Any special handling of trial exhibits and a statement of advisability of court retention of exhibits pending appeal decision. See L.R. 138(e).

(22) Trial Protective Order. Whether a trial protective order will be sought pursuant to L.R. 141.1(b)(2).

(23) Miscellaneous. Any other appropriate comments, suggestions, or information that might aid in the disposition of the action,

including references to any matters set forth in Fed. R. Civ. P. 16(c).

Local Rule 281(b).

Plaintiff is cautioned that failure to file an amended pretrial statement as provided in this order will result in the dismissal of this action. See Fed. R. Civ. P. 16(f); Local Rule 110.

In light of this order, it is necessary to continue the trial date in order to allow time for the parties file pretrial statements, and the court to issue a pretrial order. Thus, the April 8, 2013 jury trial date is continued to June 3, 2013.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's January 25, 2013 motion to dismiss (dkt. no. 69) is denied;

2. Plaintiff's January 28, 2013 motion (dkt. no. 70) is construed as plaintiff's pretrial statement;

3. Defendant's February 22, 2013 motion to dismiss (dkt. no. 72) is denied;

4. Plaintiff shall file an amended pretrial statement within twenty-one days from the date of this order; defendant shall file his pretrial statement fourteen days thereafter;

5. The pretrial conference, to be conducted on the file only, without appearance by either party, is continued to April 22, 2013; and

6. The April 8, 2013 jury trial date is continued to June 3, 2013, at 9:00 a.m., in Courtroom #25.

DATED: March 1, 2013

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

will3160.pts